## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF SOUTH CAROLINA
## COLUMBIA DIVISION

| | |
|---|---|
| Demetrius Alexander Brown, ) | |
| ) | |
| Plaintiff, ) | Civil Action No. 3:20-cv-0128-TMC |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| Anthony Dennis, Randall K. Stewart, ) | |
| and Charles S. Bonner, ) | |
| ) | |
| Defendants. ) | |
| ) | |

Plaintiff Demetrius Alexander Brown ("Plaintiff"), proceeding *pro se* and *in forma pauperis*, brought this action pursuant to 42 U.S.C. § 1983 alleging the Defendants abridged his constitutional rights in connection with his arrest for murder and unlawful possession of a firearm. (ECF Nos. 1; 10). The case was referred to a magistrate judge for all pretrial proceedings pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2)(e) (D.S.C.). The magistrate judge issued a Report and Recommendation ("Report") recommending that the court grant Defendants' motion for summary judgment. (ECF No. 49). The Report was sent via United States mail to Plaintiff at the address provided the court. (ECF No. 50). Although Plaintiff was advised of his right to file specific written objections to the Report and of the consequences of failing to do so, (ECF No. 49-1), Plaintiff did not file objections to the Report. This matter is now ripe for review.

## BACKGROUND

Plaintiff was arrested on August 11, 2018, pursuant to a warrant, and subsequently charged in the Sumter County Court of General Sessions with murder, possession of a weapon during a violent crime, and unlawful possession of a weapon in violation of South Carolina law. (ECF Nos. 10 at 5–6; 41-3 at 4–6, 34). *See State of South Carolina v. Demetrius Alexander Brown*,

2018A4310100670; 2018A4310100696; 2018A4310100697, Sumter County Public Index – Charges (last visited May 12, 2020)[1]. In January 2019, a grand jury returned an indictment against Plaintiff on these charges. (ECF No. 41-3 at 7). As of the date of this Order, Plaintiff's criminal charges are still pending in state court. *See id.*

Plaintiff subsequently filed this civil action under 42 U.S.C. § 1983, alleging that Defendant Anthony Dennis, Sumter County Sheriff, and Defendants Randall K. Stewart and Charles S. Bonner, Sumter County Deputies, violated his rights under both the United States and South Carolina Constitutions in arresting and charging him with the previously-described crimes. (ECF No. 10 at 5). Plaintiff claims that, as a result of the allegedly unconstitutional arrest and charges, he suffered emotional distress, mental anguish, loss of liberty and "other grievous injuries." *Id*. at 8. He seeks monetary damages, both actual and exemplary/punitive, as well as other unspecified "relief in the discretion of the court." *Id*.

In the Report, the magistrate judge noted that, to the extent Plaintiff is raising a false arrest claim, the claim failed because, "[b]ased on the filings before the court, Plaintiff was arrested pursuant to a facially valid warrant." (ECF No. 49 at 11 (quoting *Porterfield v. Lott*, 156 F.3d 563, 568 (4th Cir. 1998)). Furthermore, the magistrate judge determined, based on the record before him, that "there is no evidence that the investigators gave an inaccurate account of the investigation or attempted to mislead the magistrate judge issuing the warrants" as they "possessed eye witness statements identifying Plaintiff as the shooter." *Id*. at 14. To the extent Plaintiff is attempting to

---

[1] The court may take judicial notice of the state court and public records related to Plaintiff's state criminal proceedings. *See Philips v. Pitt Cty. Mem'l Hosp*., 572 F.3d 176, 180 (4th Cir. 2009) (noting a court "may properly take judicial notice of matters of public record" when considering dismissal of an action); *Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989) ("We note that the most frequent use of judicial notice of ascertainable facts is in noticing the content of court records." (internal quotation marks and alteration omitted)).

assert a malicious prosecution claim, the magistrate judge noted that the claim failed because (1) probable cause to arrest Plaintiff existed as conclusively established by the grand jury's return of an indictment, *id*. at 15; and (2) there has been no "favorable termination" of the charges against him as required by *Heck v. Humphrey*, 512 U.S. 477 (1994), *id*. at 12–13.

As for Plaintiff's claim that his equal protection rights were violated, the magistrate judge concluded that Plaintiff failed to demonstrate that he was treated differently from similarly situated persons and that such discrimination was intentional or purposeful. *Id*. at 16.[2] Finally, the magistrate judge recommended that the court decline to exercise supplemental jurisdiction under 28 U.S.C. § 1367(c)(3) over any claims based on state law if it dismisses Plaintiff's federal claims. *Id*. at 18.

## STANDARD OF REVIEW

The recommendations set forth in the Report have no presumptive weight, and this court remains responsible for making a final determination in this matter. *Wimmer v. Cook*, 774 F.2d 68, 72 (4th Cir. 1985) (quoting *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976)). The court is charged with making a *de novo* determination of those portions of the Report to which a specific objection is made, and the court may accept, reject, modify, in whole or in part, the recommendation of the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1). However, the court need only review for clear error "those portions which are not objected to—including those portions to which only 'general and conclusory' objections have been made[.]" *Dunlap v. TM Trucking of the Carolinas, LLC*, 288 F. Supp. 3d 654, 662 (D.S.C. 2017) (emphasis added). "An objection is specific if it 'enables the district judge to focus attention on

---

[2] Additionally, the magistrate judge concluded that Plaintiff had failed to state a claim against Defendant Dennis because the "amended complaint does not allege that Defendant Dennis actually had any involvement in the [alleged unconstitutional conduct]." (ECF No. 49 at 17).

3

those issues—factual and legal—that are at the heart of the parties' dispute.'" *Id.* at 662 n.6 (quoting *United States v. One Parcel of Real Prop., With Bldgs., Appurtenances, Improvements, & Contents, Known As: 2121 E. 30th St., Tulsa, Okla.*, 73 F.3d 1057, 1059 (10th Cir. 1996)). In the absence of specific objections to the Report, the court is not required to give any explanation for adopting the magistrate judge's recommendation. *Greenspan v. Brothers Prop. Corp.*, 103 F. Supp. 3d 734, 737 (D.S.C. 2015) (citing *Camby v. Davis*, 718 F.2d 198, 199–200 (4th Cir. 1983)).

Finally, since Plaintiff is proceeding *pro se*, this court is charged with construing his filings liberally in order to allow for the development of a potentially meritorious case. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). This does not mean, however, that the court can ignore the Plaintiff's failure to allege or prove facts that establish a claim currently cognizable in a federal district court. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990).

## DISCUSSION

Plaintiff's claims in this action, liberally construed, raise constitutional challenges to the arrest and continued prosecution of *still-pending* state criminal charges. The United States Supreme Court has established "principles restraining interference by federal courts with state court proceedings," commonly known as the *Younger*[3] abstention doctrine. *Simopoulos v. Va. State Bd. of Med.*, 644 F.2d 321, 324 (4th Cir. 1981). "[T]he comity concerns of *Younger v. Harris* and its progeny require abstention where granting the requested relief would require adjudication of federal constitutional issues involved in the pending state action." *Traverso v. Penn*, 874 F.2d 209, 212 (4th Cir. 1989) (citation omitted). The Fourth Circuit Court of Appeals applies the following test to determine if abstention under the *Younger* doctrine is appropriate: (1) "there are ongoing

---

[3] *Younger v. Harris*, 401 U.S. 37, 43-45 (1971).

state judicial proceedings;" (2) "the proceedings implicate important state interests;" and (3) "there is an adequate opportunity to raise federal claims in the state proceedings." *Martin Marietta Corp., Aero & Naval Sys. v. Md. Comm. on Human Relations*, 38 F.3d 1392, 1396 (4th Cir. 1994) (citing *Middlesex Cty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982)). First, Plaintiff is involved in ongoing state court criminal proceedings related to his arrest for murder and weapon charges, and Plaintiff seeks for alleged constitutional violations related to his pending criminal actions. Second, a state's "interest in administering [its] criminal justice system[] free from federal interference is one of the most powerful of the considerations that should influence a court considering equitable types of relief." *Kelly v. Robinson*, 479 U.S. 36, 49 (1986). Third, "ordinarily a pending state prosecution provides the accused a fair and sufficient opportunity for vindication of federal constitutional rights." *Kugler v. Helfant*, 421 U.S. 117, 124 (1975). Essentially, a ruling in Plaintiff's favor in this case would call into question the validity of the ongoing state court criminal proceedings against him and could significantly interfere with those proceedings. Accordingly, the court concludes that abstention under *Younger* is appropriate in this case.

Where a § 1983 action seeks injunctive relief as to the state proceedings, *Younger* "'sets forth a mandatory rule of equitable restraint, requiring the dismissal of a federal action that seeks to enjoin an ongoing prosecution in a state criminal proceeding.'" *Nivens v. Gilchrist*, 444 F.3d 237, 247 (4th Cir. 2006) (quoting *Juluke v. Hodel*, 811 F.2d 1553, 1556 (D.C. Cir. 1987)). To the extent Plaintiff is seeking injunctive or declaratory relief, his claims are dismissed. Plaintiff, however, is also seeking monetary damages. (ECF No. 10 at 8). As for the plaintiff's damages claims, "it is within the power of the district court, and in accord with common practice, to stay the civil action until the criminal case or the likelihood of a criminal case is ended." *Wallace v.*

*Kato*, 549 U.S. 384, 393–94 (2007). Nonetheless, dismissal is still "appropriate when a plaintiff's damages are plainly barred for other reasons." *Pilgrim v. Delaney*, No. 7:20-cv-02325-DCC, 2021 WL 274301, at *1 (D.S.C. Jan. 27, 2021) (internal quotation marks omitted).

In this case, as set forth in the Report, Plaintiff's claims are barred for other reasons and, therefore, are subject to dismissal. As previously noted, the magistrate judge concluded Plaintiff's false arrest claim fails because he was arrested pursuant to a facially valid warrant. Additionally, the magistrate judge found that "there is no evidence that the investigators gave an inaccurate account of the investigation or attempted to mislead the magistrate judge issuing the warrants" as they "possessed eye witness statements identifying Plaintiff as the shooter." ECF No. 49 at 14. To the extent Plaintiff is attempting to assert a malicious prosecution claim, the magistrate judge concluded that "Plaintiff is unable to establish a constitutional violation because the prosecution was plainly supported by probable cause, as conclusively established by the indictment." *Id.* at 15. Regarding Plaintiff's equal protection claim, the magistrate judge concluded that Plaintiff failed to demonstrate that he was treated differently from similarly situated persons and that such discrimination was intentional or purposeful. *Id*. at 16. Having reviewed the record and the Report, to which Plaintiff has filed no objections, the court finds no clear error in the magistrate judge's conclusions and recommendations that Plaintiff's claims fail.

Accordingly, the court concludes that abstention under *Younger* is appropriate in this case and dismisses Plaintiff's action to the extent that injunctive or declaratory relief is sought. The court also dismisses rather than stays Plaintiff's claims for monetary damages because such claims are "plainly barred" for the reasons set forth by the magistrate judge in the Report. This action, therefore, is **DISMISSED in its entirety**. Defendants' motion for summary judgment is **DENIED as MOOT**. (ECF No. 41).

IT IS SO ORDERED.

                                                      s/Timothy M. Cain
                                                      United States District Judge

Anderson, South Carolina
May 13, 2021

## NOTICE OF RIGHT TO APPEAL

The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.